BÉAKES *et al. v.* DA CUNHA *et al.*

(*Supreme Court, General Term, First Department.*  December 29, 1890.)

1. GUARANTY—CONSIDERATION.

 The delivery of merchandise to a third person on the faith of a guaranty of payment is a sufficient consideration for the guaranty.

2. SAME—GOODS FURNISHED BY FIRM—GUARANTY ADDRESSED TO PARTNER.

 Plaintiffs conducted a creamery business as copartners, under the name of one of them. K., who had been receiving milk from the creamery, having solicited G. to become his surety, terms were agreed on between them and the partner whose name was so used as the firm name, and a written guaranty, addressed to that name, of payment for all milk which should be delivered to K., was executed by G. *Held,* that such guaranty was available to the firm, and that the addition of "Esq." at the end of the name did not prevent such operation of the guaranty.  Distinguishing *Barns* v. *Barrow,* 61 N. Y. 39.

3. SAME—NON-PAYMENT—NOTICE BY MAIL.

 A guaranty of payment for merchandise to be delivered to a third person required notice to the guarantor monthly of non-payment by such third person for goods delivered in the previous month.  *Held,* that notice by mail, duly sent and received, was as effectual as personal notice, and that parol proof of an understanding between the parties that the notices might be sent by mail was admissible, not being an alteration of the contract.

Appeal from judgment on report of referee.

Claim by George E. Beakes and Charles H. C. Beakes against Luiz A. Da Cunha and Sarah A. Gedney, as executors of Charles Gedney, deceased.  The claim was disputed by the executors, and referred.  The referee reported in favor of plaintiffs, and his report was confirmed, and judgment for plaintiffs entered thereon.  From the judgment and the order confirming the referee's report, defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Thomas E. Stewart,* (*E. H. Benn,* of counsel,) for appellants.  *Glover, Sweezy & Glover*, (*Richard L. Sweezy,* of counsel,) for respondents.

VAN BRUNT, P. J.  The reference in question was of a claim against the estate which was disputed and rejected by the executors, and then referred under the statute providing for a reference of such claims.  The evidence showed that the deceased, Charles Gedney, in November, 1886, executed a guaranty, by which he agreed to become responsible to George E. Beakes for all milk he might send to Chester L. Ketchum on his order, requiring notice to be given on the 20th of each month, if payment for the previous month's milk had not been made up to that time.  The plaintiffs, who were copartners, doing business at Sidney Centre, Delaware county, N. Y., under the name of George E. Beakes, had been dealing with Ketchum some time prior to the date of the guaranty, and continued to deliver him milk after that time.  Ketchum paid for all that he got until May, 1887, when he failed to pay in full, and from that time until December 31, 1887, he failed to pay in full, upon which date there was due from Ketchum $2,447.44.  Charles Gedney, the guarantor, died on the 30th of December, and thereafter on the 9th of February, 1888, George E. Beakes presented the claim to the executors, which was refused.  In the submission or agreement to refer, it is stated that the claim is by George E. and Charles H. C. Beakes as copartners, and, by the evidence taken before the referee, it was shown that the milk was all sold by them, as such copartners, to Ketchum.  The referee having reported in favor of the claim, various objections are raised upon this appeal.  The first is that there was no consideration for the guaranty.  It is clear that this objection is not well taken, because the delivery of the merchandise upon the faith of the guaranty formed a sufficient consideration.  The next objection raised is that the guaranty was to one man, and is not available to anybody else, or to a firm of which he was a member, and it is claimed that the case of *Barns* v. *Barrow,* 61 N. Y. 39, is decisive upon this question.  In that case, it appeared

that Barns, one member of a firm, agreed to furnish goods to a factor, and the defendant, Barrow, guarantied that the factor should faithfully account for the proceeds of the sales. The goods were furnished to the factor by a firm of which Barns was a member, and the factor failed to account. The court held that the guarantor was not liable because the guaranty was not to the firm, and the goods were not furnished by the individual. In that case, it is distinctly admitted that, where there is any evidence showing that the guaranty was taken for the benefit of a firm, although addressed to one of its members, the firm can recover upon it, and that this fact may be shown by parol evidence. Applying this rule to the evidence in the case at bar, we find it established that Ketchum, a son-in-law of Gedney, had been receiving milk from the plaintiffs' creamery, at Sidney Centre, which, as has been stated, was conducted by the plaintiffs, under the name of George E. Beakes; that Ketchum solicited his father-in-law to become his surety for goods to be supplied him from such creamery; that Ketchum, knowing that one of the plaintiffs, Charles H. C. Beakes, was engaged in business in New York, took his father-in-law down to see him, and there Mr. Gedney and Mr. Beakes settled upon the terms of the agreement, whereupon the latter sat down and wrote out the agreement addressed to George E. Beakes, that being the name under which the business was conducted, and thereupon Gedney signed the paper, and left it with Charles H. C. Beakes. It is clear from this evidence that Gedney understood that this milk was to be furnished from the creamery at Sidney Centre, and the guaranty was written out in the name of the individual in whose name that business was being conducted, simply because it was being conducted in that name. The guaranty was clearly intended to be given to secure payment for milk so delivered; a clear intention being established upon the part of the guarantor to be liable to George E. Beakes (whatever that name might include) for milk delivered in this particular business. These facts clearly distinguish the case from that of *Barns* v. *Barrow*, above cited, where there was nothing to indicate that the guarantor intended to guaranty anything connected with the firm business, but that it was an individual contract disconnected from any firm business. In the case at bar, it is evident that the intention was to guaranty payment for milk delivered from this creamery. It was addressed to the firm name under which the creamery was conducted, and the mere addition of the word "Esq.," at the end of the name, cannot deprive the guaranty of the essential features which the circumstances show it was intended by the parties to possess.

It is further urged that the conditions of the guaranty were not complied with, in that notice on the 20th of each month of failure to pay was not given. There was evidence tending to show that notices were mailed on the 20th of each month to Gedney, and received on the 22d or 23d; but it is urged that such a method was not mentioned in the contract, and therefore a personal notice was required. We do not understand such to be the rule in a contract of this kind. A notice by mail is as effectual as a personal notice. The notices appear to have been sent and received, and the interpretation placed by the parties upon the contract seems to coincide with the proof offered that it was the understanding that these notices might be given by mail. It is urged that this is parol proof, and that nothing can be supplied or added to a contract by parol in a case like this, where, by the statute of frauds, the contract is required to be in writing. We think, however, that this objection is not well taken. It was no alteration of the contract which was established by showing that the notices should be sent by mail. It was merely evidence as to how the parties understood the terms of the contract were to be complied with. It could not for a moment be insisted that, if an address for the delivery of the notices had been given by the guarantor, the delivery of such notice, at such address, would not be sufficient, and this would be just as much adding to the guaranty as an understanding that the notices might be mailed to a

specific address, as was established by the evidence.   We think, under the circumstances, that the referee was right, and the order should be affirmed, with costs.   All concur.